> EXHIBIT A TO EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
————————————————x

T-MOBILE USA, INC., a Delaware
Corporation,

        Plaintiff,

v.

JASCO TRADING INC., a New York
corporation, ANDREW EHRENPREIS,
individually, CELLS2SELL CORP., an
inactive New York corporation, and
ANDREW EHRENPREIS, individually,

        Defendants.

————————————————x

**FINAL JUDGMENT AND PERMANENT**
**INJUNCTION AGAINST DEFENDANTS**
**CELLS2SELL CORP. AND ANDREW**
**EHRENPREIS**


CASE NO. 1:12-cv-05049-DLI-LB


**JURY TRIAL DEMANDED**

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against

Defendants Cells2Sell Corp. and Andrew Ehrenpreis ("Defendants"), alleging that Defendants,

who are not authorized T-Mobile dealers, are engaged in, and knowingly facilitate and encourage

others to engage in, unlawful business practices involving the unauthorized and unlawful

acquisition, purchase and sale of T-Mobile Subscriber Identity Module ("SIM") cards and

airtime, the fraudulent activation of those SIM cards for use on T-Mobile's wireless service

using confidential T-Mobile proprietary codes (the "Activation Fraud Scheme"). It was further

alleged by T-Mobile that the Defendants engaged in an Activation Fraud Scheme by acquiring

large quantities of T-Mobile SIM cards and, through fraudulent means, activating those SIM

cards on T-Mobile's wireless service. It was alleged that the Defendants and/or their co-

conspirators falsely advertised to the public that the SIM cards for sale, which have been or will

be loaded with illegally-acquired airtime minutes, are authentic T-Mobile SIM cards and

authorized for use with T-Mobile's wireless service. T-Mobile alleged that the Activation Fraud

26722255.4

Case 1:12-cv-05049-DLI-LB   Document 40   Filed 08/06/13   Page 6 of 12 PageID #: 435
Case 1:12-cv-05049-DLI-LB   Document 39-1   Filed 08/06/13   Page 2 of 8 PageID #: 423

Scheme was and is part of a larger "Subsidy Theft Scheme" involving the unauthorized and unlawful bulk purchase, trafficking, advertising, and resale of T-Mobile wireless telephones ("T-Mobile Handsets" or "Handsets"), including the resale of Handsets to buyers in foreign countries, unauthorized and unlawful computer unlocking of T-Mobile Handsets, alteration of proprietary software computer codes installed in the Handsets to permit T-Mobile to subsidize the cost of the Handsets, and trafficking of the Handsets and SIM cards for profit (the "Subsidy Theft Scheme") (collectively, the "Subsidy Theft and Activation Fraud Scheme").

It is alleged that the Defendants and their co-conspirators engaged in the Subsidy Theft and Activation Fraud Scheme by acquiring large quantities of T-Mobile Handsets including SIM cards, from T-Mobile and/or T-Mobile authorized retailers and dealers, and by soliciting others ("Runners") to purchase T-Mobile Handsets with SIM cards in large quantities. The T-Mobile Handsets, it is alleged, were often removed from their original packaging, along with the accessories, including copies of the written warranties and ownership manuals, and the Handsets were shipped, unlocked or to be unlocked, and the accompanying activation materials, including but not limited to SIM cards, were allegedly resold by Defendants and their co-conspirators at a substantial profit. It is alleged by T-Mobile that the T-Mobile Handsets are acquired with the knowledge and intent that they will not be activated for use on the T-Mobile wireless network, as required by the terms of the T-Mobile contracts. Instead, it is alleged that the T-Mobile Handsets are computer-hacked. The purpose of this hacking, known as "unlocking," is to erase, remove, and/or disable the proprietary software installed in the Handsets by the manufacturers at the request and expense of T-Mobile, which enables the use of the T-Mobile Handsets exclusively on T-Mobile's wireless system. It is alleged that the illegally unlocked Handsets are trafficked and resold as new by Defendants and their co-

2

Case 1:12-cv-05049-DLI-LB   Document 40   Filed 08/06/13   Page 7 of 12 PageID #: 436

conspirators, at a premium, under the T-Mobile trademarks and the SIM cards are sold fraudulently activated or to be fraudulently activated on the T-Mobile network.

It is alleged that the Defendants and their co-conspirators use confidential and proprietary materials to illegally access T-Mobile's secure computers to fraudulently activate T-Mobile Handsets and SIM cards on T-Mobile's wireless telecommunications network and that the Defendants and their co-conspirators then traffic in the illegally-acquired airtime, the confidential and proprietary activation materials, and the methods and processes to defraud T-Mobile.

T-Mobile's belief that the Defendants actively participated in the Subsidy Theft and Activation Fraud Scheme led T-Mobile to bring claims against Defendants for breach of contract, common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, false advertising in violation of New York General Business Law §350, *et seq.*, deceptive acts and practices in violation of New York General Business Law §349, conversion, common law fraud, and violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* Based on the respective positions advocated by the parties and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED, ADJUDGED and DECREED** that:

1.      This Court has jurisdiction over all the parties and all of the claims set forth in T-Mobile's Complaint.

2.      The Court finds that T-Mobile has the right to use and enforce said rights in the standard character mark T-Mobile and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"), as depicted below:

T-Mobile uses the T-Mobile Marks on and in connection with its telecommunications products and services.      T-Mobile alleges that Defendants' use of the T-Mobile Marks without authorization in connection with the Subsidy Theft and Activation Fraud Scheme has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of the counterfeit products, and the relationship between T-Mobile and Defendants.   T-Mobile alleges that Defendants' activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).   T-Mobile alleges that Defendants knew or should have known that T-Mobile is the licensee of the T-Mobile Marks and Defendants had no legal right to use the T-Mobile Marks on their infringing products.

3.      The Court finds that, if T-Mobile's allegations were true in all respects, that the Defendants' conduct as alleged would constitute violations of 15 U.S.C. § 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising).  The Court further finds that such conduct as alleged by T-Mobile would constitute violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, breach of contract, common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, contributory trademark infringement, false advertising in violation of New York General Business Law §350, *et seq.,* deceptive acts and practices in violation of New York General Business Law §349, conversion, and common law

26722255.4                                    4

Case 1:12-cv-05049-DLI-LB   Document 40   Filed 08/06/13   Page 9 of 12 PageID #: 438
Case 1:12-cv-05049-DLI-LB   Document 39-1   Filed 08/06/13   Page 5 of 8 PageID #: 426

fraud, and would cause substantial and irreparable harm to T-Mobile, and would continue to cause substantial and irreparable harm to T-Mobile unless enjoined.

4.      T-Mobile has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct that far exceeds the $5,000 aggregate annual damages under the Computer Fraud and Abuse Act. On review and consideration of all relevant factors, T-Mobile is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

5.      Final judgment is hereby entered against Defendant Cells2Sell Corp., and in favor of the Plaintiff T-Mobile USA, Inc., on all of the claims set forth in T-Mobile's Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

6.      Defendant Andrew Ehrenpreis, and each of his respective partners, agents, representatives, employees, servants, heirs, personal representatives, beneficiaries, relatives, contractors, companies, corporations, and each and all of Cells2Sell Corp.'s past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, respective agents, and employees, and all other persons acting on behalf of or for the benefit of any Defendant or who are in active concert or participation with any Defendant, including but not limited to any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with a Defendant or a Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

a.   purchasing, selling, providing, altering, advertising, soliciting, using, and/or shipping, directly or indirectly, any T-Mobile "Activation Materials," which consist of SIM cards, PIN numbers, activation and proprietary codes, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with an activation on the T-Mobile network;

b.   purchasing, selling, unlocking, reflashing, altering, advertising, soliciting, using, and/or shipping, directly or indirectly, any T-Mobile Handsets.

c.   purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Activation Materials or T-Mobile mobile device that Defendants know or should know bears any T-Mobile marks or any marks likely to cause confusion with the T-Mobile marks, or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future;

d.   accessing, directly or indirectly, personally or through an agent or associate, any of T-Mobile's internal computers or computer systems;

e.   accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any T-Mobile Handset;

f.   supplying T-Mobile Activation Materials or Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in selling SIM cards, Activation Materials, and/or methods or processes to defraud T-Mobile or are unlocking T-Mobile Handsets and/or hacking, altering, erasing, tampering with,

deleting or otherwise disabling the software installed in T-Mobile Handsets;

g.    supplying T-Mobile Activation Materials or Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of T-Mobile Activation Materials or Handsets; and

h.    knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future, or that is likely to cause confusion with T-Mobile's marks, without T-Mobile's prior written authorization.

7.    The purchase, sale, trafficking, use, or shipment of any T-Mobile Handsets, SIM cards, or Activation Materials without T-Mobile's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

8.    The last known address of Cells2Sell Corp. is 249 19th Street, Apt 1A, Brooklyn, New York 11215

9.    The last known address of Andrew Ehrenpreis is 249 19th Street, Apt 1A, Brooklyn, New York 11215.

10.    The last known address of Plaintiff T-Mobile USA, Inc. is 12920 S.E. 38th Street, Bellevue, Washington 98006.

11.    The Court retains jurisdiction over this matter and the parties to this action to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an

order for payment of compensatory damages to T-Mobile in an amount of $5,000 for each T-Mobile Handset or item of Activation Material that a Defendant is found to have purchased, sold, advertised, activated, used, provided or unlocked in violation of this Injunction.  The Court finds that these amounts are compensatory and will serve to compensate T-Mobile for its losses in the event any Defendant violates the terms of this Order.  The Court also retains jurisdiction to enter a subsequent Judgment for damages against Defendant Andrew Ehrenpreis.

12.     Defendants waive their right of appeal from the entry of this Final Judgment.

13.     The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants Cells2Sell Corp. and Andrew Ehrenpreis as set forth herein.

14.     This Final Judgment and Permanent Injunction does not affect the remaining Defendants in this case, namely, Jasco Trading, Inc. and Alan Savdie.

*So Ordered and Dated: Brooklyn, NY*

DONE AND ORDERED, this *6th* day of *Sept.*       , 2013. *The Clerk of the Court is directed to enter judgment in favor of Plaintiff in accord with this Consent Final Judgment and Permanent Injunction.*

_____
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All Counsel of Record